DAN SIEGEL, SBN 056400
EMILYROSE JOHNS, SBN 294319
SIEGEL, YEE, BRUNNER & MEHTA
475 14th Street, Suite 500
Oakland, California 94612
Telephone: (510) 839-1200
Facsimile: (510) 444-6698
Email: danmsiegel@gmail.com;
emilyrose@siegelyee.com

Attorneys for Plaintiffs
SARU JAYARAMAN, STEPHEN YOUNG,
MARTIN BOYDEN, ZACH NORRIS,
DEIRDRE SNYDER, MIKE LOUDEN,
AMY HARUYAMA, and ERIC PETTENGILL

# UNITED STATES DISTRICT COURT

# FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SARU JAYARAMAN, STEPHEN YOUNG, MARTIN BOYDEN, ZACH NORRIS, DEIRDRE SNYDER, MIKE LOUDEN, AMY HARUYAMA, and ERIC PETTENGILL,<br><br>                    Plaintiffs,<br><br>        vs.<br><br>OAKLAND UNIFIED SCHOOL DISTRICT; JEFF GODOWN, POLICE CHIEF; DONALD PERRIER, POLICE SERGEANT; JOJO MERCADO, PETER PHAM, JAMES FORTUNE, RONEIL SINGH, and JABARI SCOTT,<br><br>                    Defendants. | Case No. 3:20-cv-00685-VC<br><br>**SECOND AMENDED COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF**<br><br>**Jury Trial Demanded** |

Plaintiffs SARU JAYARAMAN, STEPHEN YOUNG, MARTIN BOYDEN, ZACH NORRIS, DEIRDRE SNYDER, MIKE LOUDEN, AMY HARUYAMA, and ERIC PETTENGILL complain against defendants OAKLAND UNIFIED SCHOOL DISTRICT,

---

*Jayaraman v. OUSD*, No. 3:20-cv-00685-VC
Second Amended Complaint for Damages and Injunctive Relief - 1

JEFF GODOWN, DONALD PERRIER, JOJO MERCADO, PETER PHAM, JAMES FORTUNE, RONEIL SINGH, and JABARI SCOTT as follows:

**PRELIMINARY STATEMENT**

1. Plaintiffs SARU JAYARAMAN, STEPHEN YOUNG, MARTIN BOYDEN, ZACH NORRIS, DEIRDRE SNYDER, MIKE LOUDEN, AMY HARUYAMA, and ERIC PETTENGILL are parents and educators of students in the Oakland Unified School District ("OUSD").

2. On October 23, 2019, they attended an OUSD Board of Education meeting to contest a plan to close several Oakland public schools in favor of privately funded charter schools, reducing the amount of non-corporate public school options for Oakland's youth.

3. Plaintiffs and others had expressed disapproval of the plan at previous meetings, but their concerns went unaddressed by the Board of Education. Parents and educators concerned about school closures believed that the Board was not being transparent about the school closure plans and conducted meetings without regard to parent and educator voices.

4. Frustrated by months of inaction by a Board that was not listening to their concerns, parents and educators, including plaintiffs, attended the meeting on October 23, 2019, and engaged in peaceful civil disobedience.

5. Members of the OUSD Police Department and School Security Officers unjustly arrested plaintiffs for retaliatory reasons, used excessive force against plaintiffs in front of elementary school children in attendance, and physically injured plaintiffs.

**JURISDICTION AND VENUE**

6. This Court has jurisdiction over plaintiffs' claims pursuant to 28 U.S.C. § 1331 (claims arising under the U.S. Constitution) and § 1343(a)(3) (claims brought to redress deprivations, under color of state authority, of rights, privileges, and immunities secured by the U.S. Constitution), and 42 U.S.C. § 1983.

7. The state law claims in this action are so related to the claims in the action within the original jurisdiction of this Court that they form part of the same case or

controversy under Article III of the United States Constitution. The Court's jurisdiction over these claims is invoked under 28 U.S.C. § 1367.

8. Venue is proper in the United States District Court for the Northern District of California pursuant to 28 U.S.C. § 1391(b)(1) because the defendants are located in the Northern District of California and § 1391(b)(2) because all of the acts and/or omissions complained of herein occurred within the Northern District of California.

## PARTIES

9. At all times relevant hereto, SARU JAYARAMAN was a parent of children enrolled in an Oakland public school run by OUSD.

10. At all times relevant hereto, STEPHEN YOUNG was a parent of children enrolled in an Oakland public school run by OUSD.

11. At all times relevant hereto, MARTIN BOYDEN was a parent of children enrolled in an Oakland public school run by OUSD.

12. At all times relevant hereto, ZACH NORRIS was a parent of children enrolled in an Oakland public school run by OUSD.

13. At all times relevant hereto, DEIRDRE SNYDER was a retired educator previously employed by OUSD.

14. At all times relevant hereto, MIKE LOUDEN was a parent of children enrolled in an Oakland public school run by OUSD.

15. At all times relevant hereto, AMY HARUYAMA was an educator employed by OUSD.

16. At all times relevant hereto, ERIC PETTENGILL was an educator employed by OUSD.

17. At all times relevant hereto, defendant OAKLAND UNIFIED SCHOOL DISTRICT is and was a public entity and public school district. OUSD was created under the laws of the State of California. OUSD receives federal funding and is subject to the control of its elected school board.

18. At all times relevant hereto, defendant JEFF GODOWN was the Chief of Police for the Oakland Unified School District Police Department and was acting in the course and scope of his employment by OUSD. Chief GODOWN is sued in his personal and official capacities.

19. At all times relevant hereto, defendant DONALD PERRIER was a Sergeant for the Oakland Unified School District Police Department and its second highest ranking member and was acting in the course and scope of his employment by OUSD. Sergeant PERRIER is sued in his personal and official capacities.

20. At all times relevant hereto, defendant JOJO MERCADO was an Officer for the Oakland Unified School District Police Department and was acting in the course and scope of his employment by OUSD. Officer MERCADO is sued in his personal and official capacities.

21. At all times relevant hereto, defendant PETER PHAM was an Officer for the Oakland Unified School District Police Department and was acting in the course and scope of his employment by OUSD. Officer PHAM is sued in his personal and official capacities.

22. At all times relevant hereto, defendant JAMES FORTUNE was an Officer for the Oakland Unified School District Police Department and was acting in the course and scope of his employment by OUSD. Officer FORTUNE is sued in his personal and official capacities.

23. At all times relevant hereto, defendant RONEIL SINGH was an Officer for the Oakland Unified School District Police Department and was acting in the course and scope of his employment by OUSD. Officer SINGH is sued in his personal and official capacities.

24. At all times relevant hereto, defendant JABARI SCOTT was a School Security Officer for the Oakland Unified School District and was acting in the course and scope of his employment by OUSD. School Security Officer SCOTT is sued in his personal and official capacities.

**STATEMENT OF FACTS**

25. For approximately 25 years, OUSD has been closing public schools on a regular basis, reducing the opportunities for students enrolled in Oakland public schools to receive a free, locally accessible, public education. OUSD's school closures have caused students considerable trauma and sparked concern that the Board was targeting diverse schools with high property values for closure.

26. Parents of students and educators, including plaintiffs, spoke out against the Board's plan and requested a true community dialogue around the purported reasoning for the plan. The Board refused and proceeded with the closures over the objections of parents and educators.

27. On October 23, 2019, the School Board held a noticed meeting to discuss school closures. OUSD arranged for members of its Police Department including Chief JEFF GODOWN and Sergeant DONALD PERRIER to set up metal barriers around the speaker's podium to separate the stage and dais from the auditorium, restricting the movement of meeting participants. Chief GODOWN, Sergeant PERRIER, Officers JOJO MERCADO, PETER PHAM, JAMES FORTUNE, RONEIL SINGH, and School Security Officer JABARI SCOTT stood between the metal barriers and the dais where the members of the Board of Education sat.

28. Chief GODOWN and OUSD planned and arranged for numerous members of the OUSD police department to be present, and Chief GODOWN and Sergeant PERRIER directed the actions of their subordinate officers with respect to each of the allegations set forth herein.

29. Standing next to a speaker at the podium, plaintiff SARU JAYARAMAN led a chant and attempted to display a banner from the steps of the dais, which was blocked by the metal barriers. Plaintiff ZACH NORRIS attempted to stand in solidarity on the same steps. Plaintiffs STEPHEN YOUNG, MARTIN BOYDEN, DEIRDRE SNYDER, MIKE LOUDEN, AMY HARUYAMA, and ERIC PETTENGILL were positioned near the metal barriers on either side of the podium and chanted.

30. As their peaceful civil disobedience began, Chief GODOWN, Sergeant PERRIER, Officers JOJO MERCADO, PETER PHAM, JAMES FORTUNE, RONEIL SINGH, and School Security Officer JABARI SCOTT attacked the parents and educators. Their violent actions occurred in front of dozens of elementary school children who had attended the meeting with their parents.

31. Defendant School Security Officer SCOTT grabbed Ms. JAYARAMAN's arm and knocked her off balance. Defendant Officer PHAM then grabbed onto MS. JAYARAMAN, who is five foot, two inches tall and weighs 113 pounds, and with the assistance of School Security Officer Daryl Moore, pinned her to the ground and arrested her. They bent or hit her left knee, pushed their knees into her back, and wrenched her shoulder. Defendant Officer PHAM and defendant Officer SINGH grabbed MS. JAYARAMAN by either arm and carried her for a short distance, before dropping her on her knees and then picking her back up and carrying her away. As a result of the defendants' actions, MS. JAYARAMAN suffered a torn anterior cruciate ligament, sprained medial collateral ligament, damage to her meniscus and bone cartilage in her right knee, and needless pain and emotional distress. Her children witnessed her attack and arrest. She required surgery for the injury to her knee.

32. MR. NORRIS was standing peacefully with his eyes closed in an act of solidarity. Defendant Officer MERCADO took him to the ground and arrested him. MR. NORRIS suffered unnecessary pain and emotional distress from defendants' actions.

33. Officers lined the metal barriers and began swinging their batons violently. They shoved the metal barriers and thrust them into the crowd.

34. Mr. YOUNG stood peacefully to the side of the line of barriers when the officers began swinging their batons and shoving the barriers. Suddenly, School Security Officer SCOTT grabbed him and arrested him. Despite his standing peacefully and his compliance with his arrest, School Security Officer SCOTT used unnecessary pain compliance on him during his arrest. MR. YOUNG suffered needless pain and emotional distress due to the actions of defendants.

35. Several officers attacked MR. LOUDEN with a metal barrier. MR. LOUDEN was on the auditorium side of the barriers and was dragged by defendant Sergeant PERRIER and School Security Officers towards the stage. In the process, one of his legs became stuck in a metal barrier. Despite his peaceful actions, Sergeant PERRIER used pain compliance on Mr. LOUDEN, and he and the School Security Officers pulled at him and wrenched his body while Mr. LOUDEN's leg was obviously trapped in the metal barrier. At the same time, defendant Chief GODOWN raised and tugged at the metal barrier while Mr. LOUDEN's leg was trapped, preventing him from regaining his balance and causing him pain. Defendant Officer FORTUNE arrested him. MR. LOUDEN suffered needless pain and emotional distress. He was bruised and lost sensation in his extremities due to defendants' violent dragging and arrest tactics.

36. MR. BOYDEN, who was peacefully chanting near the podium, was rushed by defendants Officer FORTUNE and Officer SINGH and arrested. Although he verbally and physically expressed his compliance with the officers, he was unnecessarily thrown to the ground and arrested by defendants Officer FORTUNE and Officer SINGH. MR. BOYDEN suffered needless pain and emotional distress due to the actions of defendants.

37. MS. SNYDER was also by the podium on the auditorium side of the barrier. Defendant Officer FORTUNE violently shoved her into individuals standing behind her. When she did not fall to the ground, defendant Officer FORTUNE dragged her across the barriers and, with the assistance of defendant Officer SINGH, arrested her. MS. SNYDER was bruised and suffered muscle strain due to defendants' actions. She was subject to needless pain and emotional distress.

38. MS. HARUYAMA was standing on the auditorium side of the barrier. Sergeant PERRIER violently and deliberately used his baton to shove MS. HARUYAMA, knocking her to the ground. MS. HARUYAMA was bruised and suffered from whiplash from falling due to the violence of Sergeant PERRIER'S strike. She was subject to needless pain and emotional distress.

39. MR. PETTENGILL was standing on the auditorium side of the barrier. When he saw MR. LOUDEN with his leg stuck in the barrier, he attempted to free MR. LOUDIN'S leg. Chief GODOWN shoved MR. PETTENGILL and dropped the metal barrier on his foot. MR. PETTENGILL suffered unnecessary pain and emotional distress from defendants' actions.

40. Chief GODOWN and Sergeant PERRIER personally participated in the acts of violence against the peaceful protestors and promoted the actions of their subordinate officers by observing their actions and failing to intervene and correct their behavior.

41. On November 13, 2019, following this incident, the Board of Education scheduled a public meeting to again discuss the school closures. When parents and educators including plaintiffs began expressing their dismay at the Board's plan to close schools, the Board cut the microphone on the podium so that the parents and educators could not be heard and denied them participation in the public meeting.

42. The Alameda County District Attorney declined to charge SARU JAYARAMAN, STEPHEN YOUNG, MARTIN BOYDEN, ZACH NORRIS, DEIRDRE SNYDER, and MIKE LOUDEN with any public offense.

## EXHAUSTION OF ADMINISTRATIVE RELIEF

43. On November 22, 2019, Plaintiffs SARU JAYARAMAN, STEPHEN YOUNG, MARTIN BOYDEN, ZACH NORRIS, DEIRDRE SNYDER, MIKE LOUDEN, AMY HARUYAMA, and ERIC PETTENGILL presented their claim pursuant to California Government Code §§ 910, *et seq*. to the OUSD.

44. On December 27, 2019, the OUSD rejected their claim.

## FIRST CLAIM FOR RELIEF
## RETALIATION AGAINST PROTECTED ACTIVITY IN VIOLATION OF THE FIRST AMENDMENT
(By all plaintiffs against defendants JEFF GODOWN, DONALD PERRIER, JOJO MERCADO, PETER PHAM, JAMES FORTUNE, RONEIL SINGH, and JABARI SCOTT.)
(42 U.S.C. § 1983)

45. Plaintiffs incorporate by reference paragraphs 1 through 44 above as

though fully set forth herein.

46. By virtue of the foregoing, plaintiffs were engaged in constitutionally protected activity when defendants JEFF GODOWN, DONALD PERRIER, JOJO MERCADO, PETER PHAM, JAMES FORTUNE, RONEIL SINGH, and JABARI SCOTT violently attacked them. By verbally protesting the School Board's actions, plaintiffs exercised their First Amendment rights to freedom of speech, freedom to assemble, and freedom of association.

47. The assault on plaintiffs SARU JAYARAMAN, STEPHEN YOUNG, MARTIN BOYDEN, ZACH NORRIS, DEIRDRE SNYDER, MIKE LOUDEN, AMY HARUYAMA, and ERIC PETTENGILL and the arrests of plaintiffs SARU JAYARAMAN, STEPHEN YOUNG, MARTIN BOYDEN, ZACH NORRIS, DEIRDRE SNYDER, and MIKE LOUDEN was motivated by plaintiffs' constitutionally protected protest.

48. The actions of defendants JEFF GODOWN, DONALD PERRIER, JOJO MERCADO, PETER PHAM, JAMES FORTUNE, RONEIL SINGH, and JABARI SCOTT were committed with the intent to chill and interfere with plaintiffs' constitutionally protected rights to speech, assembly, and association in violation of the First Amendment of the Constitution of the United States.

49. Ms. JAYARAMAN brings this claim for relief against PETER PHAM, RONEIL SINGH, and JABARI SCOTT. Mr. YOUNG brings this claim for relief against JABARI SCOTT. Mr. NORRIS brings this claim for relief against JOJO MERCADO. Ms. SNYDER brings this claim for relief against JAMES FORTUNE and RONEIL SINGH. Mr. LOUDEN brings this claim for relief against JEFF GODOWN, DONALD PERRIER and JAMES FORTUNE. Ms. HARUYAMA brings this claim for relief against DONALD PERRIER. Mr. PETTENGILL brings this claim for relief against JEFF GODOWN.

///
///
///

**SECOND CLAIM FOR RELIEF**
**USE OF EXCESSIVE FORCE IN VIOLATION OF THE FOURTH AMENDMENT**
(By all plaintiffs against defendants JEFF GODOWN, DONALD PERRIER, JOJO MERCADO, PETER PHAM, JAMES FORTUNE, RONEIL SINGH, and JABARI SCOTT.)
(42 U.S.C. § 1983)

50. Plaintiffs incorporate by reference paragraphs 1 through 49 above as though fully set forth herein.

51. By virtue of the foregoing, defendants JEFF GODOWN, DONALD PERRIER, JOJO MERCADO, PETER PHAM, JAMES FORTUNE, RONEIL SINGH, and JABARI SCOTT acted under color of law when they violently assaulted plaintiffs SARU JAYARAMAN, STEPHEN YOUNG, MARTIN BOYDEN, ZACH NORRIS, DEIRDRE SNYDER, MIKE LOUDEN, AMY HARUYAMA, and ERIC PETTENGILL and detained and arrested plaintiffs SARU JAYARAMAN, STEPHEN YOUNG, MARTIN BOYDEN, ZACH NORRIS, DEIRDRE SNYDER, and MIKE LOUDEN without lawful justification, depriving plaintiffs of their right under the Fourth Amendment to the United States Constitution to be free of unreasonable seizure of their person by use of excessive force.

52. Ms. JAYARAMAN brings this claim for relief against PETER PHAM, RONEIL SINGH, and JABARI SCOTT. Mr. YOUNG brings this claim for relief against JABARI SCOTT. Mr. NORRIS brings this claim for relief against JOJO MERCADO. Ms. SNYDER brings this claim for relief against JAMES FORTUNE and RONEIL SINGH. Mr. LOUDEN brings this claim for relief against JEFF GODOWN, DONALD PERRIER and JAMES FORTUNE. Ms. HARUYAMA brings this claim for relief against DONALD PERRIER. Mr. PETTENGILL brings this claim for relief against JEFF GODOWN.

**THIRD CLAIM FOR RELIEF**
**FAILURE TO INTERVENE**
(By all plaintiffs against defendants JEFF GODOWN and DONALD PERRIER.)
(43 U.S.C. § 1983)

53. Plaintiffs incorporate by reference paragraphs 1 through **52** above as though fully set forth herein.

54. By virtue of the foregoing, defendants JEFF GODOWN and DONALD PERRIER are the highest ranking officers in the OUSD Police Department.

55. Defendants JEFF GODOWN and DONALD PERRIER witnessed their subordinates using unlawful and excessive force against plaintiffs and others and failed to intervene to halt the officers' unlawful conduct.

56. Defendants JEFF GODOWN and DONALD PERRIER also participated personally in the violations of the constitutional rights of plaintiffs.

57. Their actions and inactions amounted to authorization of their subordinates' unlawful conduct, which caused plaintiffs' injuries.

**FOURTH CLAIM FOR RELIEF**
**VIOLATION OF CALIFORNIA BANE ACT**
(By all plaintiffs against all defendants.)
(California Civil Code § 52.1)

58. Plaintiffs incorporate by reference paragraphs 1 through **57** above as though fully set forth herein.

59. By virtue of the foregoing, defendants OAKLAND UNIFIED SCHOOL DISTRICT, JEFF GODOWN, DONALD PERRIER, JOJO MERCADO, PETER PHAM, JAMES FORTUNE, RONEIL SINGH, and JABARI SCOTT, interfered by threats, intimidation, or coercion with the rights of SARU JAYARAMAN, STEPHEN YOUNG, MARTIN BOYDEN, ZACH NORRIS, DEIRDRE SNYDER, MIKE LOUDEN, AMY HARUYAMA, and ERIC PETTENGILL secured by the Constitution of the United States and the Constitution of the State of California.

60. By virtue of the foregoing, all defendants acted with malice and oppression and the intent to deprive and did deprive SARU JAYARAMAN, STEPHEN YOUNG, MARTIN BOYDEN, ZACH NORRIS, DEIRDRE SNYDER, MIKE LOUDEN, AMY HARUYAMA, and ERIC PETTENGILL of their rights to be free from detention using excessive force.

61. Ms. JAYARAMAN brings this claim for relief against PETER PHAM, RONEIL SINGH, and JABARI SCOTT. Mr. YOUNG brings this claim for relief against

JABARI SCOTT. Mr. NORRIS brings this claim for relief against JOJO MERCADO. Ms. SNYDER brings this claim for relief against JAMES FORTUNE and RONEIL SINGH. Mr. LOUDEN brings this claim for relief against JEFF GODOWN, DONALD PERRIER and JAMES FORTUNE. Ms. HARUYAMA brings this claim for relief against DONALD PERRIER. Mr. PETTENGILL brings this claim for relief against JEFF GODOWN. All plaintiffs bring this claim for relief against defendant OUSD.

**FIFTH CLAIM FOR RELIEF**
**FALSE ARREST & FALSE IMPRISONMENT**
(By plaintiffs SARU JAYARAMAN, STEPHEN YOUNG, MARTIN BOYDEN, ZACH NORRIS, DEIRDRE SNYDER, and MIKE LOUDEN against defendants OAKLAND UNIFIED SCHOOL DISTRICT, JEFF GODOWN, DONALD PERRIER, JOJO MERCADO, PETER PHAM, JAMES FORTUNE, RONEIL SINGH, and JABARI SCOTT.)
(Cal. Gov't Code §§ 815.2 and 820.4)

62. Plaintiffs incorporate by reference paragraphs 1 through 60 above as though fully set forth herein.

63. By virtue of the foregoing, defendants JEFF GODOWN, DONALD PERRIER, JOJO MERCADO, PETER PHAM, JAMES FORTUNE, RONEIL SINGH, and JABARI SCOTT arrested and imprisoned plaintiffs SARU JAYARAMAN, STEPHEN YOUNG, MARTIN BOYDEN, ZACH NORRIS, DEIRDRE SNYDER, and MIKE LOUDEN without a warrant and without reasonable or probable cause to believe that they committed a crime.

64. By virtue of the foregoing, defendant OAKLAND UNIFIED SCHOOL DISTRICT learned that defendants JEFF GODOWN, DONALD PERRIER, JOJO MERCADO, PETER PHAM, JAMES FORTUNE, RONEIL SINGH, and JABARI SCOTT unlawfully arrested plaintiffs and approved such conduct.

65. By virtue of the foregoing, defendant OAKLAND UNIFIED SCHOOL DISTRICT is liable under California Government Code section 815.2 for the acts of its employees, defendants JEFF GODOWN, DONALD PERRIER, JOJO MERCADO, PETER PHAM, JAMES FORTUNE, RONEIL SINGH, and JABARI SCOTT, each of whom acted within the course and scope of his employment.

66. Plaintiffs SARU JAYARAMAN, STEPHEN YOUNG, MARTIN BOYDEN, ZACH NORRIS, DEIRDRE SNYDER, and MIKE LOUDEN were harmed by the conduct of defendants JEFF GODOWN, DONALD PERRIER, JOJO MERCADO, PETER PHAM, JAMES FORTUNE, RONEIL SINGH, and JABARI SCOTT.

67. Ms. JAYARAMAN brings this claim for relief against PETER PHAM, RONEIL SINGH, and JABARI SCOTT. Mr. YOUNG brings this claim for relief against JABARI SCOTT. Mr. NORRIS brings this claim for relief against JOJO MERCADO. Ms. SNYDER brings this claim for relief against JAMES FORTUNE and RONEIL SINGH. Mr. LOUDEN brings this claim for relief against JEFF GODOWN, DONALD PERRIER and JAMES FORTUNE. Plaintiffs SARU JAYARAMAN, STEPHEN YOUNG, MARTIN BOYDEN, ZACH NORRIS, DEIRDRE SNYDER, and MIKE LOUDEN bring this claim for relief against defendant OUSD.

**SIXTH CLAIM FOR RELIEF**
**BATTERY BY A POLICE OFFICER**
(By plaintiffs against all defendants.)
(Cal. Gov't Code § 815.2)

68. Plaintiffs incorporate by reference paragraphs 1 through **67** above as though fully set forth herein.

69. By virtue of the foregoing, defendants JEFF GODOWN, DONALD PERRIER, JOJO MERCADO, PETER PHAM, JAMES FORTUNE, RONEIL SINGH, and JABARI SCOTT intentionally subjected plaintiffs SARU JAYARAMAN, STEPHEN YOUNG, MARTIN BOYDEN, ZACH NORRIS, DEIRDRE SNYDER, MIKE LOUDEN, AMY HARUYAMA, and ERIC PETTENGILL to harmful or offensive contact through the use of unreasonable force.

70. By virtue of the foregoing, defendant OAKLAND UNIFIED SCHOOL DISTRICT learned that defendants JEFF GODOWN, DONALD PERRIER, JOJO MERCADO, PETER PHAM, JAMES FORTUNE, RONEIL SINGH, and JABARI SCOTT intentionally subjected plaintiffs to the use of unreasonable force and approved such conduct.

71. By virtue of the foregoing, defendant OAKLAND UNIFIED SCHOOL DISTRICT is liable under California Government Code section 815.2 for the acts of its employees, defendants JEFF GODOWN, DONALD PERRIER, JOJO MERCADO, PETER PHAM, JAMES FORTUNE, RONEIL SINGH, and JABARI SCOTT, all of whom acted within the course and scope of their employment.

72. Ms. JAYARAMAN brings this claim for relief against PETER PHAM, RONEIL SINGH, and JABARI SCOTT. Mr. YOUNG brings this claim for relief against JABARI SCOTT. Mr. NORRIS brings this claim for relief against JOJO MERCADO. Ms. SNYDER brings this claim for relief against JAMES FORTUNE and RONEIL SINGH. Mr. LOUDEN brings this claim for relief against JEFF GODOWN, DONALD PERRIER and JAMES FORTUNE. Ms. HARUYAMA brings this claim for relief against DONALD PERRIER. Mr. PETTENGILL brings this claim for relief against JEFF GODOWN. All plaintiffs bring this claim for relief against defendant OUSD.

## SEVENTH CLAIM FOR RELIEF
## NEGLIGENCE
(By all plaintiffs against all defendants.)
(Cal. Gov't Code § 815.2)

73. Plaintiffs incorporate by reference paragraphs 1 through **72** above as though fully set forth herein.

74. By virtue of the foregoing, defendants JEFF GODOWN, DONALD PERRIER, JOJO MERCADO, PETER PHAM, JAMES FORTUNE, RONEIL SINGH, and JABARI SCOTT breached their duty to not use excessive force against plaintiffs SARU JAYARAMAN, STEPHEN YOUNG, MARTIN BOYDEN, ZACH NORRIS, DEIRDRE SNYDER, MIKE LOUDEN, AMY HARUYAMA, and ERIC PETTENGILL, and this breach was the proximate cause for their harm.

75. By virtue of the foregoing, defendant OAKLAND UNIFIED SCHOOL DISTRICT learned defendants JEFF GODOWN, DONALD PERRIER, JOJO MERCADO, PETER PHAM, JAMES FORTUNE, RONEIL SINGH, and JABARI SCOTT breached their duty to not use excessive force against plaintiffs and approved such

conduct.

76. By virtue of the foregoing, defendant OAKLAND UNIFIED SCHOOL DISTRICT is liable under California Government Code section 815.2 for the acts of its employees, defendants JEFF GODOWN, DONALD PERRIER, JOJO MERCADO, PETER PHAM, JAMES FORTUNE, RONEIL SINGH, and JABARI SCOTT, each of whom acted within the course and scope of his employment.

77. By virtue of the foregoing, defendant OAKLAND UNIFIED SCHOOL DISTRICT failed to use reasonable care in the training and supervision of defendants JEFF GODOWN, DONALD PERRIER, JOJO MERCADO, PETER PHAM, JAMES FORTUNE, RONEIL SINGH, and JABARI SCOTT.

78. Ms. JAYARAMAN brings this claim for relief against PETER PHAM, RONEIL SINGH, and JABARI SCOTT. Mr. YOUNG brings this claim for relief against JABARI SCOTT. Mr. NORRIS brings this claim for relief against JOJO MERCADO. Ms. SNYDER brings this claim for relief against JAMES FORTUNE and RONEIL SINGH. Mr. LOUDEN brings this claim for relief against JEFF GODOWN, DONALD PERRIER and JAMES FORTUNE. Ms. HARUYAMA brings this claim for relief against DONALD PERRIER. Mr. PETTENGILL brings this claim for relief against JEFF GODOWN. All plaintiffs bring this claim for relief against defendant OUSD.

**EIGHTH CLAIM FOR RELIEF**
**NEGLIGENT HIRING, TRAINING and SUPERVISION**
(By all plaintiffs against defendants OAKLAND UNIFIED SCHOOL DISTRICT, JEFF GODOWN and DONALD PERRIER.)
(Cal. Gov't Code §§ 815.2, 820(a), and 820.8)

79. Plaintiffs incorporate by reference paragraphs 1 through **78** above as though fully set forth herein.

80. By virtue of the foregoing, defendants OAKLAND UNIFIED SCHOOL DISTRICT, JEFF GODOWN and DONALD PERRIER negligently hired, trained and supervised JOJO MERCADO, PETER PHAM, JAMES FORTUNE, RONEIL SINGH, and JABARI SCOTT, who used unlawful force against plaintiffs and unlawfully arrested

plaintiffs SARU JAYARAMAN, STEPHEN YOUNG, MARTIN BOYDEN, ZACH NORRIS, DEIRDRE SNYDER, and MIKE LOUDEN.

81. Further, defendants JEFF GODOWN and DONALD PERRIER witnessed their subordinates' unlawful acts against plaintiffs and allowed them to continue. Their actions as participants in the use of force against plaintiffs encouraged their subordinates' unlawful actions.

82. The actions and inactions of defendants OAKLAND UNIFIED SCHOOL DISTRICT, JEFF GODOWN and DONALD PERRIER with respect to hiring, training, and supervision were a substantial factor in plaintiffs' harm.

83. Defendants JEFF GODOWN and DONALD PERRIER are liable for all injuries caused by their negligent hiring, training, and supervision of their subordinate officers to the same extent as a private person pursuant to California Government Code sections 820(a) and 820.8.

84. Defendant OAKLAND UNIFIED SCHOOL DISTRICT is liable for all injuries caused by it and its employees negligent hiring, training, and supervision pursuant to California Government Code section 815.2.

**DAMAGES**

85. As a result of the actions of defendants, plaintiffs have been injured and have suffered damages as follows:

    a. They have been physically, mentally, emotionally, and financially injured and damaged as a proximate result of the wrongful actions of the public employees named above, and others;

    b. They have incurred costs for medical bills and related expenses;

    c. They have incurred damages for lost compensation.

**PUNITIVE DAMAGES**

86. In taking the actions alleged above, defendants JEFF GODOWN, DONALD PERRIER, JOJO MERCADO, PETER PHAM, JAMES FORTUNE, RONEIL

SINGH, and JABARI SCOTT, intentionally engaged in conduct to harm plaintiffs and to deprive them of their constitutional rights. Their conduct was malicious, oppressive, and in reckless disregard of the rights of plaintiffs. Accordingly, plaintiffs are entitled to punitive damages against defendants JEFF GODOWN, DONALD PERRIER, JOJO MERCADO, PETER PHAM, JAMES FORTUNE, RONEIL SINGH, and JABARI SCOTT.

WHEREFORE, plaintiffs request that this Court grant them relief as follows:

(1) General damages, in an amount to be determined;

(2) Special damages, in an amount to be determined;

(3) Punitive damages, in an amount to be determined;

(4) Reasonable attorney's fees under 42 U.S.C. § 1988;

(5) Injunctive relief;

(6) Costs of suit; and

(7) Such other and further relief as the Court may deem proper.

**DEMAND FOR TRIAL BY JURY**

Plaintiffs hereby demand a jury trial as provided by Rule 38(a) of the Federal Rules of Civil Procedure.

Dated: May 7, 2020

                                            SIEGEL, YEE, BRUNNER & MEHTA

                                            By  */s/EmilyRose Johns*
                                                EmilyRose Johns

                                            Attorneys for Plaintiffs
                                            SARU JAYARAMAN, STEPHEN YOUNG,
                                            MARTIN BOYDEN, ZACH NORRIS,
                                            DEIRDRE SNYDER, MIKE LOUDEN,
                                            AMY HARUYAMA, and ERIC PETTENGILL

---