LOUIS A. LEONE, ESQ. (SBN: 099874)
CLAUDIA LEED, ESQ. (SBN: 122676)
**LEONE & ALBERTS**
A Professional Corporation
1390 Willow Pass Road, Suite 700
Concord, CA 94520
Telephone:   (925) 974-8600
Facsimile:    (925) 974-8601
Email: lleone@leonealberts.com
           cleed@leonealberts.com

Attorneys for Defendants
OAKLAND UNIFIED SCHOOL DISTRICT, JEFF GODOWN,
DONALD PERRIER, JOJO MERCADO, PETER PHAM,
JAMES FORTUNE, RONEIL SINGH and JABARI SCOTT

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SARU JAYARAMAN, STEPHEN YOUNG, MARTIN BOYDEN, ZACH NORRIS, DEIRDRE SNYDER, MIKE LOUDEN, AMY HARAYAMA, and ERIC PETTENGILL,<br><br>Plaintiffs,<br><br>vs.<br><br>OAKLAND UNIFIED SCHOOL DISTRICT; JEFF GODOWN, POLICE CHIEF; DONALD PERRIER, POLICE SERGEANT; JOJO MERCADO, PETER PHAM, JAMES FORTUNE, RONEIL SINGH, and JABARI SCOTT,<br><br>Defendants. | Case No.:   3:20-CV-00685-VC<br><br>**DEFENDANTS OAKLAND UNIFIED SCHOOL DISTRICT, JEFF GODOWN, DONALD PERRIER, JOJO MERCADO, PETER PHAM, JAMES FORTUNE, RONEIL SINGH and JABARI SCOTT'S ANSWER TO PLAINTIFFS' SECOND AMENDED COMPLAINT**<br><br>**[JURY TRIAL DEMANDED]** |

Defendants Oakland Unified School District, CHIEF JEFF GODOWN, POLICE SERGEANT DONALD PERRIER, OFFICER JOJO MERCADO, OFFICER PETER PHAM, OFFICER JAMES FORTUNE, OFFICER RONEIL SINGH AND SCHOOL SECURITY OFFICER JABARI SCOTT (hereinafter collectively referred to as "Defendants") hereby answer Plaintiffs' Second Amended Complaint.  Except as expressly admitted, the Defendants deny each and every allegations set forth in

1

Plaintiffs' Second Amended Complaint.  Defendants specifically deny they violated the Plaintiffs' civil, common law, and/or statutory rights under state and/or federal law.

## DEFENDANTS' ANSWER TO PLAINTIFFS' PRELIMINARY STATEMENT

1. Answering paragraph 1 of Plaintiffs' Second Amended Complaint, Defendants admit only that HARUYAMA and PETTENGILL were employees of the District at the time of the incidents subject to this litigation.  Defendants further admit that SNYDER was a former employee of the District.  Defendants admit that the remaining Plaintiffs have or have had children enrolled in the District.

2. Answering paragraph 2 of Plaintiffs' Second Amended Complaint, Defendants are without sufficient information and belief as to the alleged purpose of the Plaintiffs for attending the October 23, 2019 meeting and on such basis the allegations are denied.

3. Answering paragraph 3 of Plaintiffs' Second Amended Complaint, Defendants admit only that some individuals expressed concerns regarding the proposal to merge Frick Impact Academy and the Oakland School of Language on Frick's campus and to merge Kaiser Elementary and Sankofa Elementary on Sankofa's campus.  Defendants deny the balance of the allegations in paragraph 2.  Contrary to the Plaintiffs' allegations, the District engaged in an extensive, publically vetted and transparent process soliciting input from the public regarding these proposals before the plan was approved by the school board.

4. Answering paragraph 4 of Plaintiffs' Second Amended Complaint, Defendants deny that the Plaintiffs engaged in peaceful civil disobedience at the October 23, 2019 meeting.  Rather, the Plaintiffs breached a barricade line installed to protect the school board members and staff while allowing the public to engage in public discourse at the meeting.  Plaintiffs disobeyed lawful orders to stay on the public side of the barricades, attempted to and in many instances stormed the dais where board members and staff were conducting a public meeting and forced the board members and District staff to retreat to a secure area to ensure their physical safety.  Contrary to

the Plaintiffs' allegations, the District engaged in an extensive, publically vetted and transparent process soliciting input from the public regarding these proposals before the plan was approved by the school board.

5. Answering paragraph 5 of Plaintiffs' Second Amended Complaint, Defendants deny the allegations contained therein.

### DEFENDANTS' ANSWER TO PLAINTIFFS' ALLEGATIONS REGARDING JURISDICTION AND VENUE

6. Answering paragraph 6 of Plaintiffs' Second Amended Complaint, Defendants allege that Plaintiffs merely assert legal conclusions as opposed to statements of fact and on that basis the allegations are denied.

7. Answering paragraph 7 of Plaintiffs' Second Amended Complaint, Defendants allege that Plaintiffs merely assert legal conclusions as opposed to statements of fact and on that basis the allegations are denied.

8. Answering paragraph 8 of Plaintiffs' Second Amended Complaint, Defendants allege that Plaintiffs merely assert legal conclusions as opposed to statements of fact and on that basis the allegations are denied. Defendants deny that the Defendants violated the Plaintiffs' state, federal constitutional and/or statutory rights.

### DEFENDANTS' ANSWER TO PLAINTIFFS ALLEGATIONS REGARDING THE PARTIES

9. Answering paragraph 9 of Plaintiffs' Second Amended Complaint, Defendants admit the allegations contained therein.

10. Answering paragraph 10 of Plaintiffs' Second Amended Complaint, Defendants admit the allegations contained therein.

11. Answering paragraph 11 of Plaintiffs' Second Amended Complaint, Defendants admit the allegations contained therein.

12. Answering paragraph 12 of Plaintiffs' Second Amended Complaint, Defendants admit the allegations contained therein.

13. Answering paragraph 13 of Plaintiffs' Second Amended Complaint, Defendants admit the allegations contained therein.

14. Answering paragraph 14 of Plaintiffs' Second Amended Complaint, Defendants admit the allegations contained therein.

15. Answering paragraph 15 of Plaintiffs' Second Amended Complaint, Defendants admit the allegations contained therein.

16. Answering paragraph 16 of Plaintiffs' Second Amended Complaint, Defendants admit the allegations contained therein.

17. Answering paragraph 17 of Plaintiffs' Second Amended Complaint, Defendants admit the allegations contained therein.

18. Answering paragraph 18 of Plaintiffs' Second Amended Complaint, Defendants admit the allegations contained therein. Defendants specifically deny the Defendants violated the Plaintiffs' civil, common law, and/or statutory rights under state and/or federal law.

19. Answering paragraph 19 of Plaintiffs' Second Amended Complaint, Defendants admit the allegations contained therein. Defendants specifically deny the Defendants violated the Plaintiffs' civil, common law, and/or statutory rights under state and/or federal law.

20. Answering paragraph 20 of Plaintiffs' Second Amended Complaint, Defendants admit the allegations contained therein. Defendants specifically deny the Defendants violated the Plaintiffs' civil, common law, and/or statutory rights under state and/or federal law.

21. Answering paragraph 21 of Plaintiffs' Second Amended Complaint, Defendants admit the allegations contained therein. Defendants specifically deny the Defendants violated the Plaintiffs' civil, common law, and/or statutory rights under state and/or federal law.

22. Answering paragraph 22 of Plaintiffs' Second Amended Complaint, Defendants admit the allegations contained therein. Defendants specifically deny the Defendants violated the Plaintiffs' civil, common law, and/or statutory rights under state and/or federal law.

23.     Answering paragraph 23 of Plaintiffs' Second Amended Complaint, Defendants admit the allegations contained therein. Defendants specifically deny the Defendants violated the Plaintiffs' civil, common law, and/or statutory rights under state and/or federal law.

24.     Answering paragraph 24 of Plaintiffs' Second Amended Complaint, Defendants admit the allegations contained therein. Defendants specifically deny the Defendants violated the Plaintiffs' civil, common law, and/or statutory rights under state and/or federal law.

## **DEFENDANTS' ANSWER TO PLAINTIFFS' FACTUAL ALLEGATIONS**

25.     Answering paragraph 25 of Plaintiffs' Second Amended Complaint, Defendants deny the allegations contained therein.

26.     Answering paragraph 26 of Plaintiffs' Second Amended Complaint, Defendants deny the allegations contained therein.

27.     Answering paragraph 27 of Plaintiffs' Second Amended Complaint, Defendants admit only that due to escalating tactics by the Plaintiffs to disrupt school board meetings and to intimidate and threaten the safety of the school board members and staff, the OUSD Police Department placed a line of barricades along a line in front of the dais.  Defendants admit only that initially a number of officers and school security officers were posted behind the barricades and in front of the dais when the meeting started.

28.     Answering paragraph 28 of Plaintiffs' Second Amended Complaint, Defendants admit only that CHIEF GODOWN and the District planned and arranged for officers and school security officers to be present at the October 23, 2019 meeting to lawfully prevent further disruption of school board meetings and to protect school board members and staff from escalating threats to their safety.  Defendants deny that CHIEF GODOWN and/or SERGEANT PERRIER directed any of the officers and/or school security officers to violate the Plaintiffs' civil, common law, and/or statutory rights under state and/or federal law.

29. Answering paragraph 29 of Plaintiffs' Second Amended Complaint, Defendants admit only that JAYARAMAN led chants and that NORRIS, YOUNG, BOYDEN, SNYDER, LOUDEN, HARUYAMA and PETTENGILL chanted and engaged in a coordinated effort to breach the barricade line for the purposes of intimidating and threatening the personal safety of the school board members and staff.

30. Answering paragraph 30 of Plaintiffs' Second Amended Complaint, Defendants deny the allegations contained therein.

31. Answering paragraph 31 of Plaintiffs' Second Amended Complaint, Defendants deny the allegations contained therein.  Defendants further allege that JAYARAMAN vaulted over the barricade line, attempted to storm the dais for the purposes of intimidating and threatening the personal safety of school board members and staff, resisted arrest, attempted to interfere with the arrest of NORRIS. JAYARAMAN was then taken into custody with the use of objectively reasonable force and lawfully arrested.

32. Answering paragraph 32 of Plaintiffs' Second Amended Complaint, Defendants deny the allegations contained therein. Defendants further allege that NORRIS vaulted over the barricade line as part of concerted effort breach the barricade line and storm the dais for the purposes of intimidating and threatening the personal safety of school board members and staff. NORRIS was then taken into custody with the use of objectively reasonable force and lawfully arrested.

33. Answering paragraph 33 of Plaintiffs' Second Amended Complaint, Defendants deny each and every allegation contained therein.

34. Answering paragraph 34 of Plaintiffs' Second Amended Complaint, Defendants deny each and every allegation contained therein.  Defendants further allege that YOUNG breached the barricade line as part of concerted effort to storm the dais for the purposes of intimidating and threatening the personal safety of school board members and staff. YOUNG was then was taken into custody with the use of objectively reasonable force and lawfully arrested.

35. Answering paragraph 35 of Plaintiffs' Second Amended Complaint, Defendants deny each and every allegation contained therein except that LOUDEN'S leg was caught in a section of barricades while he was breaching the barricade line. Defendants further allege that LOUDEN breached the barricade line as part of concerted effort to storm the dais for the purposes of intimidating and threatening the personal safety of school board members and staff. LOUDEN was then was taken into custody with the use of objectively reasonable force and lawfully arrested.

36. Answering paragraph 36 of Plaintiffs' Second Amended Complaint, Defendants deny each and every allegation contained therein. Defendants further allege that BOYDEN breached the barricade line as part of concerted effort to storm the dais for the purposes of intimidating and threatening the personal safety of school board members and staff. BOYDEN was then was lawfully arrested.

37. Answering paragraph 37 of Plaintiffs' Second Amended Complaint, Defendants deny each and every allegation contained therein.  Defendants further allege that SNYDER breached the barricade line as part of concerted effort to storm the dais for the purposes of intimidating and threatening the personal safety of school board members and staff. SNYDER was then was taken into custody with the use of objectively reasonable force and lawfully arrested.

38. Answering paragraph 38 of Plaintiffs' Second Amended Complaint, Defendants deny each and every allegation contained therein.  Defendants further allege that HARUYAMA breached the barricade line as part of concerted effort to storm the dais for the purposes of intimidating and threatening the personal safety of school board members and staff.  SERGEANT PERRIER prevented HARUYAMA from storming the dais by using objectively reasonable force.

39. Answering paragraph 39 of Plaintiffs' Second Amended Complaint, Defendants deny each and every allegation contained therein. Defendants admit only that CHIEF GODOWN used objectively reasonable force when PETTENGILL when grabbed a barricade section for the purposes of interfering with officers while they were

engaged in attempting to take LOUDEN into custody.

40. Answering paragraph 40 of Plaintiffs' Second Amended Complaint, Defendants deny each and every allegation contained therein.

41. Answering paragraph 41 of Plaintiffs' Second Amended Complaint, Defendants deny each and every allegation contained therein.

42. Answering paragraph 42 of Plaintiffs' Second Amended Complaint, Defendants admit only that the Alameda County District Attorneys' Office declined to prosecute the Plaintiffs.

**DEFENDANTS' ANSWER TO PLAINTIFFS' ALLEGATIONS REGARDING EXHAUSTION OF ADMINISTRATIVE REMEDIES**

43. Answering paragraph 43 of Plaintiffs' Second Amended Complaint, Defendants admit the allegations contained therein.

44. Answering paragraph 44 of Plaintiffs' Second Amended Complaint, Defendants admit the allegations contained therein.

**DEFENDANTS' ANSWER TO FIRST CLAIM FOR RELIEF RETALIATION AGAINST PROTECTED ACTIVITY IN VIOLATION OF THE FIRST AMENDMENT**

(42 U.S.C. § 1983)

(By all Plaintiffs against Defendants JEFF GODOWN, DONALD PERRIER, JOJO MERCADO, PETER PHAM, JAMES FORTUNE, RONEIL SINGH and JABARI SCOTT.)

45. Answering paragraph 45 of Plaintiffs' Second Amended Complaint, Defendants hereby incorporate their answers to paragraphs 1 through 44 as though fully stated herein.

46. Answering paragraph 46 of Plaintiffs' Second Amended Complaint, Defendants deny each and every allegation contained therein.

47. Answering paragraph 47 of Plaintiffs' Second Amended Complaint, Defendants deny each and every allegation contained therein.

48. Answering paragraph 48 of Plaintiffs' Second Amended Complaint, Defendants deny each and every allegation contained therein.

49. Answering paragraph 49 of Plaintiffs' Second Amended Complaint, Defendants allege that Plaintiffs merely assert legal conclusions as opposed to statements of fact and on that basis the allegations are denied.

**DEFENDANTS' ANSWER TO SECOND CLAIM FOR RELIEF**
**USE OF EXCESSIVE FORCE IN VIOLATION OF THE FOURTH AMENDMENT**
(42 U.S.C. § 1983)

(By all Plaintiffs against Defendants JEFF GODOWN, DONALD PERRIER, JOJO MERCADO, PETER PHAM, JAMES FORTUNE, RONEIL SINGH and JABARI SCOTT.)

50. Answering paragraph 50 of Plaintiffs' Second Amended Complaint, Defendants hereby incorporate their answers to paragraphs 1 through 49 as though fully stated herein.

51. Answering paragraph 51 of Plaintiffs' Second Amended Complaint, Defendants deny each and every allegation contained therein.

52. Answering paragraph 52 of Plaintiffs' Second Amended Complaint, Defendants allege that Plaintiffs merely assert legal conclusions as opposed to statements of fact and on that basis the allegations are denied.

**DEFENDANTS' ANSWER TO THIRD CLAIM FOR RELIEF**
**FAILURE TO INTERVENE**
(42 U.S.C. § 1983)

(By all Plaintiffs against Defendants JEFF GODOWN, DONALD PERRIER.)

53. Answering paragraph 53 of Plaintiffs' Second Amended Complaint, Defendants hereby incorporate their answers to paragraphs 1 through 52 as though fully stated herein.

54. Answering paragraph 54 of Plaintiffs' Second Amended Complaint, Defendants deny each and every allegation contained therein.

55. Answering paragraph 55 of Plaintiffs' Second Amended Complaint, Defendants deny each and every allegation contained therein.

56. Answering paragraph 56 of Plaintiffs' Second Amended Complaint, Defendants deny each and every allegation contained therein.

57. Answering paragraph 57 of Plaintiffs' Second Amended Complaint, Defendants deny each and every allegation contained therein.

### DEFENDANTS' ANSWER TO FOURTH CLAIM FOR RELIEF
### VIOLATION OF CALIFORNIA BANE ACT
(California Civil Code § 52.1)

(By all Plaintiffs against Defendants.)

58. Answering paragraph 58 of Plaintiffs' Second Amended Complaint, Defendants hereby incorporate their answers to paragraphs 1 through 57 as though fully stated herein.

59. Answering paragraph 59 of Plaintiffs' Second Amended Complaint, Defendants deny each and every allegation contained therein.

60. Answering paragraph 60 of Plaintiffs' Second Amended Complaint, Defendants deny each and every allegation contained therein.

61. Answering paragraph 61 of Plaintiffs' Second Amended Complaint, Defendants allege that Plaintiffs merely assert legal conclusions as opposed to statements of fact and on that basis the allegations are denied.

### DEFENDANTS' ANSWER TO FIFTH CLAIM FOR RELIEF
### FALSE ARREST AND FALSE IMPRISONMENT
(California Government Code §§ 815.2 and 820.4)

(By plaintiffs SURU JAYARAMAN, STEPHEN YOUNG, MARTIN BOYDEN, ZACK NORRIS, DEIRDRE SNYDER, and MIKE LOUDEN against defendants OAKLAND UNIFIED SCHOOL DISTRICT, JEFF GODOWN, DONALD PERRIER, JOJO MERCADO, PETER PHAM, JAMES FORTUNE, RONEIL SINGH, and JABARI SCOTT)

62. Answering paragraph 62 of Plaintiffs' Second Amended Complaint, Defendants hereby incorporate their answers to paragraphs 1 through 61 as though fully stated herein.

///

63. Answering paragraph 63 of Plaintiffs' Second Amended Complaint, Defendants deny each and every allegation contained therein.

64. Answering paragraph 64 of Plaintiffs' Second Amended Complaint, Defendants deny each and every allegation contained therein.

65. Answering paragraph 65 of Plaintiffs' Second Amended Complaint, Defendants admit only that the District's employees including the individually named defendants acted within the course and scope of their employment.  As to the balance of said paragraph, Defendants deny that any of the District's employees including the individually named defendants violated Plaintiffs' civil, common law, and/or statutory rights under state and/or federal law.

66. Answering paragraph 66 of Plaintiffs' Second Amended Complaint, Defendants deny each and every allegation contained therein.

67. Answering paragraph 67 of Plaintiffs' Second Amended Complaint, Defendants allege that Plaintiffs merely assert legal conclusions as opposed to statements of fact and on that basis the allegations are denied.

**DEFENDANTS' ANSWER TO SIXTH CLAIM FOR RELIEF
BATTERY BY A POLICE OFFICER**
(California Government Code § 815.2)

(By all Plaintiffs against defendants.)

68. Answering paragraph 68 of Plaintiffs' Second Amended Complaint, Defendants hereby incorporate their answers to paragraphs 1 through 67 as though fully stated herein.

69. Answering paragraph 69 of Plaintiffs' Second Amended Complaint, Defendants deny each and every allegation contained therein.

70. Answering paragraph 70 of Plaintiffs' Second Amended Complaint, Defendants deny each and every allegation contained therein.

71. Answering paragraph 71 of Plaintiffs' Second Amended Complaint, Defendants admit only that the District's employees including the individually named

defendants acted within the course and scope of their employment.  As to the balance of said paragraph, Defendants deny that any of the District's employees including the individually named defendants violated Plaintiffs' civil, common law, and/or statutory rights under state and/or federal law.

72. Answering paragraph 72 of Plaintiffs' Second Amended Complaint, Defendants allege that Plaintiffs merely assert legal conclusions as opposed to statements of fact and on that basis the allegations are denied.

### DEFENDANTS' ANSWER TO SEVENTH CLAIM FOR RELIEF
### NEGLIGENCE
(California Government Code § 815.2)

(By all Plaintiffs against defendants.)

73. Answering paragraph 73 of Plaintiffs' Second Amended Complaint, Defendants hereby incorporate their answers to paragraphs 1 through 72 as though fully stated herein.

74. Answering paragraph 74 of Plaintiffs' Second Amended Complaint, Defendants deny each and every allegation contained therein.

75. Answering paragraph 75 of Plaintiffs' Second Amended Complaint, Defendants deny each and every allegation contained therein.

76. Answering paragraph 76 of Plaintiffs' Second Amended Complaint, Defendants admit only that the District's employees including the individually named defendants acted within the course and scope of their employment.  As to the balance of said paragraph, Defendants deny that any of the District's employees including the individually named defendants violated Plaintiffs' civil, common law, and/or statutory rights under state and/or federal law.

77. Answering paragraph 77 of Plaintiffs' Second Amended Complaint, Defendants deny each and every allegation contained therein.

78. Answering paragraph 78 of Plaintiffs' Second Amended Complaint, Defendants allege that Plaintiffs merely assert legal conclusions as opposed to statements of fact and on that basis the allegations are denied.

**DEFENDANTS' ANSWER TO EIGHTH CLAIM FOR RELIEF**
**NEGLIGENT HIRING, TRAINING AND SUPERVISION**
(California Government Code §§ 815.2, 820(a), and 820.8)

(By all Plaintiffs against defendants OAKLAND UNIFIED SCHOOL DISTRICT, JEFF GODOWN, DONALD PERRIER.)

79. Answering paragraph 79 of Plaintiffs' Second Amended Complaint, Defendants hereby incorporate their answers to paragraphs 1 through 78 as though fully stated herein.

80. Answering paragraph 80 of Plaintiffs' Second Amended Complaint, Defendants deny each and every allegation contained therein.

81. Answering paragraph 81 of Plaintiffs' Second Amended Complaint, Defendants deny each and every allegation contained therein.

82. Answering paragraph 82 of Plaintiffs' Second Amended Complaint, Defendants deny each and every allegation contained therein.

83. Answering paragraph 83 of Plaintiffs' Second Amended Complaint, Defendants deny each and every allegation contained therein.

84. Answering paragraph 84 of Plaintiffs' Second Amended Complaint, Defendants deny each and every allegation contained therein.

**DEFENDANTS' ANSWER TO PLAINTIFFS' DEMAND FOR DAMAGES**

85. Answering paragraph 85 and its subparts of Plaintiffs' Second Amended Complaint, Defendants deny that Plaintiffs are entitled to any such relief and/or damages.

**DEFENDANTS' ANSWER TO PLAINTIFFS' DEMAND FOR PUNITIVE DAMAGES**

86. Answering paragraph 86 of Plaintiffs' Second Amended Complaint, Defendants deny each and every allegation contained therein.

**DEFENDANTS' ANSWER TO PLAINTIFFS DEMAND FOR RELIEF**

Defendants deny that Plaintiffs are entitled to any form of relief.

///

## AFFIRMATIVE DEFENSES

Defendants allege the following as separate and affirmative defenses to the Second Amended Complaint. Defendants do not, however, allege or admit that they have the burden of proof or persuasion with respect to any of these matters. Defendants reserve the right to raise additional affirmative defenses as they become known through discovery in this case.

## FIRST AFFIRMATIVE DEFENSE

Any purported loss, damages, or injury suffered by Plaintiffs were not caused by any act or omission, wrongful or otherwise, of Defendants, who acted properly and within the bounds of all established constitutional rights at all times with the matters alleged herein.

## SECOND AFFIRMATIVE DEFENSE

Plaintiffs had no clearly established statutory or constitutional rights of which Defendants knew, or should have known, which required them to act differently or to direct their subordinates to act differently, and therefore Defendants are immune from Plaintiffs' allegations and causes of action, and from liability under the doctrine of qualified immunity.

## THIRD AFFIRMATIVE DEFENSE

Defendants held a good faith and reasonable belief at all times in connection with the matters alleged herein that their actions and their subordinates' actions did not violate any established constitutional right.

## FOURTH AFFIRMATIVE DEFENSE

Any purported loss, damages, or injury suffered by Plaintiffs were proximately caused by the Plaintiffs, as Plaintiffs failed to exercise ordinary care under the circumstances. Plaintiffs are therefore barred from recovering for any purported loss, damages, or injury, as alleged herein. Alternatively, if any of the Defendants is found liable to any degree, then Plaintiffs' recovery shall be reduced according to the Plaintiffs' comparative or contributory negligence.

### FIFTH AFFIRMATIVE DEFENSE

Plaintiffs were aware of the risks of loss, damages, or injury resulting from their actions, and fully appreciating those risks, Plaintiffs nevertheless voluntarily assumed those risks, and so Plaintiffs are barred from recovery herein.

### SIXTH AFFIRMATIVE DEFENSE

Plaintiffs' intentional conduct was the proximate cause of any loss, damages, or injury that Defendants were not capable of discovering in time to avert the loss, damages, or injury, and so Plaintiffs are barred from recovery for any loss, damages, or injury in connection with the matters alleged herein. If any of the Defendants is found to be in any way liable, then Plaintiffs' recovery shall be reduced proportionate to Plaintiffs' own intentional acts resulting in loss, damages, or injury to themselves.

### SEVENTH AFFIRMATIVE DEFENSE

By reason of Plaintiffs' own acts and omissions, Plaintiffs' claims are barred by the doctrine of estoppel.

### EIGHTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred by the doctrine of laches.

### NINTH AFFIRMATIVE DEFENSE

By reason of Plaintiffs' own acts and omissions, Plaintiffs' claims are barred by the doctrine of unclean hands.

### TENTH AFFIRMATIVE DEFENSE

By reason of Plaintiffs' own acts and omissions, Plaintiffs' claims are barred by the doctrine of waiver.

### ELEVENTH AFFIRMATIVE DEFENSE

Defendants' conduct was reasonable at all times in connection with the matters herein; therefore, Plaintiffs' claims are barred by the doctrine of privilege.

### TWELFTH AFFIRMATIVE DEFENSE

Plaintiffs have had the ability and opportunity to take all reasonable measures to mitigate damages resulting from the allegations contained herein, but have failed to do

so. As a result, Plaintiffs' claims for relief are barred.

### THIRTEENTH AFFIRMATIVE DEFENSE

Any loss, damages, or injury alleged by the Plaintiffs was the result of the negligence of other persons not the Defendants and such negligence is a complete bar to Defendants' liability. To the extent that any Defendant is found liable for violating the Plaintiffs' rights, each Defendant's liability shall be proportionate to each Defendant's contribution to the loss, damages, or injury to Plaintiffs.

### FOURTEENTH AFFIRMATIVE DEFENSE

Plaintiffs expressly and/or impliedly consented to Defendants' conduct by way of their voluntary participation in the matters alleged herein. As a result, Plaintiffs' claims for relief are barred.

### FIFTEENTH AFFIRMATIVE DEFENSE

Plaintiffs wrongfully, unlawfully, and maliciously made and threatened assault upon police officers, school security officers, District Board members and staff. As such Plaintiffs provoked the alleged affray, and police officers and school security officers used no more than reasonable and necessary force in defense of themselves and others and District property.

### SIXTEENTH AFFIRMATIVE DEFENSE

Under all of the circumstances known to the police officers and school security officers at the time, an objectively reasonable police officer and school security officer would conclude there was a fair probability that the Plaintiffs had committed or were committing a crime. Any arrest or seizure of a Plaintiff was carried out with probable cause. As a result, Plaintiffs' claims for relief are barred.

### SEVENTEENTH AFFIRMATIVE DEFENSE

Plaintiffs' actions were not protected speech under the First Amendment of the United States Constitution. To the extent Plaintiffs' conduct was protected speech, Plaintiffs' conduct was limited only through clear and permissible restrictions on the time, place, or manner of such speech. As a result, Plaintiffs' claims for relief are barred.

### EIGHTEENTH AFFIRMATIVE DEFENSE

To the extent Plaintiffs allege or assert matters not contained in a legally sufficient claim filed by her, this action is barred by the claims requirement set forth in California Government Code § 905 et seq.

### NINETEENTH AFFIRMATIVE DEFENSE

Defendants are immune from the allegations contained within the Plaintiffs' Second Amended Complaint and the causes of actions contained therein, based on the immunities contained within the California Government Code including but not limited to Sections 815 (a); 815.2, 815.4, 815.6, 818, 818.2, 818.8, 820, 820.2, 820.4, 820.8, 821, 822.2, 845.6 and by virtue of Government Code Section 900, et seq.

### TWENTIETH AFFIRMATIVE DEFENSE

Defendants allege all other affirmative defenses that may potentially become available as a result of information developed through discovery or at trial.

### DEMAND FOR JURY TRIAL

Defendants hereby demand a jury trial on all issues triable by a jury.

WHEREFORE, Defendants pray for judgment as follows:

1. That Plaintiffs take nothing by reason of their Complaint;

2. That judgment be entered against Plaintiffs and in favor of Defendants;

3. That Defendants recover all expenses, costs, and attorneys' fees in connection with this lawsuit; and

4. That the Court grant Defendants such other and further relief as it deems just and proper.

Dated:  May 20, 2020        **LEONE & ALBERTS**

By: *Claudia Leed*
CLAUDIA LEED, ESQ.
Attorney for Defendants
OAKLAND UNIFIED SCHOOL DISTRICT, JEFF GODOWN, DONALD PERRIER, JOJO MERCADO, PETER PHAM, JAMES FORTUNE, RONEIL SINGH and JABARI SCOTT