LOUIS A. LEONE, ESQ. (SBN: 099874)
CLAUDIA LEED, ESQ. (SBN: 122676)
SETH L. GORDON, ESQ. (SBN: 262653)
**LEONE & ALBERTS**
A Professional Corporation
1390 Willow Pass Road, Suite 700
Concord, CA 94520
Telephone:   (925) 974-8600
Facsimile:   (925) 974-8601
Email: lleone@leonealberts.com
          cleed@leonealberts.com
          sgordon@leonealberts.com

Attorneys for Defendants
OAKLAND UNIFIED SCHOOL DISTRICT,
JEFF GODOWN, DONALD PERRIER, JOJO MERCADO,
PETER PHAM, JAMES FORTUNE, RONEIL SINGH,
and JABARI SCOTT

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SARU JAYARAMAN, STEPHEN YOUNG, MARTIN BOYDEN, ZACH NORRIS, DEIRDRE SNYDER, MIKE LOUDEN, AMY HARUYAMA, and ERIC PETTENGILL,<br><br>Plaintiffs,<br><br>vs.<br><br>OAKLAND UNIFIED SCHOOL DISTRICT; JEFF GODOWN, POLICE CHIEF; DONALD PERRIER, POLICE SERGEANT, JOJO MERCADO, PETER PHAM, JAMES FORTUNE, RONEIL SINGH, and JABARI SCOTT,<br><br>Defendants, | Case No.:   4:20-CV-00685-VC<br><br>**DEFENDANTS' NOTICE OF MOTION AND MOTION FOR JUDGMENT ON THE PLEADINGS OR, IN THE ALTERNATIVE, MOTION TO STRIKE PLAINTIFFS' REQUEST FOR INJUNCTIVE RELIEF**<br><br>[Fed. R. Civ. Pro. 12(c) & (f)]<br><br>Date:   October 29, 2020<br>Time:   10:00 a.m.<br>Judge:   Vince Chhabria<br>Crtrm:   4 – 17th Floor |

**TO ALL PARTIES AND TO THEIR ATTORNEYS OF RECORD:**

PLEASE TAKE NOTICE that on October 29, 2020, at 10:00 a.m., or as soon thereafter as the matter may be heard in Courtroom 4 of the above-entitled court, located at 450 Golden Gate Avenue, San Francisco, California, defendants OAKLAND UNIFIED SCHOOL DISTRICT, JEFF GODOWN, DONALD PERRIER, JOJO MERCADO, PETER PHAM, JAMES FORTUNE, RONEIL SINGH, and JABARI SCOTT (collectively "Defendants"), will and hereby do move this Court, pursuant to Rule 12(c) of the Federal Rules of Civil Procedure, for an order granting judgment on the pleadings on the request for injunctive relief contained in Plaintiffs' Second Amended Complaint. In the alternative, Defendants move, pursuant to Rule 12(f) of the Federal Rules of Civil Procedure, to strike Plaintiffs' request for injunctive relief. This motion is brought on the ground that Plaintiffs have not alleged facts sufficient to confer Article III standing to seek injunctive relief under *City of Los Angles v. Lyons*, 461 U.S. 95 (1983).

This motion is based on this Notice of Motion and Motion, the Memorandum of Points and Authorities set forth below, Defendants' Request for Judicial Notice, and all pleadings in this action, as well as any evidence or arguments that may be offered in the brief in reply or at a hearing on the motion.

Dated:  September 24, 2020                **LEONE & ALBERTS**

By:_____
  LOUIS A. LEONE, ESQ.
  CLAUDIA LEED, ESQ.
  SETH L. GORDON, ESQ.
  Attorneys for Defendants

**TABLE OF CONTENTS**

**Page No.**

INTRODUCTION .................................................................................................. 6

FACTUAL ALLEGATIONS.................................................................................. 9

FACTS SUBJECT TO JUDICIAL NOTICE ........................................................ 11

ATTEMPT TO MEET AND CONFER................................................................ 12

ARGUMENT ........................................................................................................ 12

I.    Legal Standard............................................................................................ 12

II.    Plaintiffs Have Not Sufficiently Pleaded Entitlement to Injunctive Relief...... 13

III.    Plaintiffs' Lack Standing to Seek Injunctive Relief ......................................... 14

CONCLUSION .................................................................................................... 17

# TABLE OF AUTHORITIES

**Federal Cases**

*Ashcroft v. Iqbal*,
  556 U.S. 662 (2009) .................................................................................................. 13

*Balisteri v. Pacifica Police Dep't*,
  901 F.2d 696 (9th Cir. 1990) .................................................................................... 14

*Bell Atlantic Corp. v. Twombly*
  550 U.S. 544 (2007) .................................................................................................. 13

*Breck v. Doyle*,
  796 Fed. Appx. 333 (9th Cir. 2019) .......................................................................... 17

*Cafasso v. General Dynamics C4 Systems, Inc.*,
  637 F.3d 1047 (9th Cir. 2011) .................................................................................. 13

*Carmen v. San Francisco Unified Sch. Dist.*,
  982 F.Supp. 1396 (N.D. Cal. 1997) .......................................................................... 10

*City of Los Angles v. Lyons*,
  461 U.S. 95 (1983) ........................................................................... 2, 6, 8, 16, 16, 17

*Davidson v. Kimberly-Clark Corp.*,
  889 F.3d 956 (9th Cir. 2018) .................................................................................... 15

*G.B. v. Chico Unified Sch. Dist.*,
  2008 U.S. Dist. LEXIS 103170 *6-7 (E.D. Cal. Dec. 22, 2008) ....................... 8, 14-15

*Grayson v. County of Marin*,
  2015 U.S. Dist. LEXIS 19984 *5-6 (N.D. Cal. Feb. 18, 2015) ................................. 13

*Haro v. Sebelius*,
  729 F.3d 993 (9th Cir. 2013) ...................................................................................... 8

*McHenry v. Renne*,
  84 F.3d 1172 (9th Cir. 1996) .............................................................................. 7-8, 14

*Mou v. SSC San Jose Operating Co. LP*,
  415 F.Supp.3d 918 (N.D. Cal. 2019) ........................................................................ 13

*OTR Wheel Eng'g, Inc. v. W. Worldwide Servs.*,
  2020 U.S. App. LEXIS 25840 *4 (9th Cir. Aug. 14, 2020) ...................................... 17

*Papasan v. Allain*
  478 U.S. 265 (1986) .................................................................................................. 13

*Raiser v. City of L.A.*,
  698 Fed. Appx. 412 (9th Cir. 2017) .......................................................................... 17

*Sprewell v. Golden State Warriors*,
    266 F.3d 979 (9th Cir. 2001) ................................................................................. 13-14

*Updike v. Multnomah Cnty.*,
    870 F.3d 939 (9th Cir. 2017) ....................................................................................... 17

*Ward v. IPEX, Inc.*,
    2009 U.S. Dist. LEXIS 11040 *14-15 (C.D. Cal. Feb. 4, 2009) ............................ 8, 15

**Federal Statutes**

42 U.S.C. § 1983 ................................................................................................................ 7, 10

**State Cases**

*Jones v. Kmart Corp.*,
    17 Cal.4th 329 (1988) .............................................................................................. 11, 13

**State Statutes**

Cal. Civ. Code
    § 52.1 ........................................................................................................................ 7, 11

Education Code
    § 38000 ............................................................................................................................ 6

**Rules**

Fed. R. Civ. P.
    Rule 8 ....................................................................................................................... 7, 14
    Rule 11........................................................................................................................... 13
    Rule 12 .......................................................................................................... 2, 7, 13, 13, 14

DEF.S' NOTICE OF MOTION AND MOTION FOR JUDGMENT ON THE PLEADINGS        CASE NO. 4:20-CV-00685-VC

**INTRODUCTION**

This action is brought by several members of a group that was formed to protest school closures in Oakland, California.[1] Plaintiffs allege that they attended a school board meeting held by the Oakland Unified School District (the "District") on October 23, 2019. (Second Amended Complaint ("SAC") ¶ 27 (ECF No. 39)). At the meeting, due to prior disruptions by protestors, the District set up a metal barrier between the public speaker podium and the stage where the board members were seated to protect the Board and to prevent protestors from accessing the stage where the board members were located and disrupting the meeting. Indeed, Plaintiffs allege that the District positioned a metal barrier around the stage where the board members were seated, blocking members of the audience (and protestors) from getting onto the stage. (SAC ¶ 27). They allege that police officers employed by the District were present at the meeting and stood between the metal barrier and the stage where the board members were seated. (*Id*.) They admit that some of the Plaintiffs attempted to get past the barrier—set up by law enforcement— to conduct protest activities on the stage where the board members were seated. (*Id*., ¶ 29). Plaintiffs claim that, when they began engaging in "civil disobedience" at the board meeting, they were "attacked" by officers employed by the District.[2] (*Id*., ¶ 30).

Based on these allegations, Plaintiffs bring this action against the District, District Chief of Police Jeff Godown, and several officers employed by the District.[3] Based on the actions that occurred at the October 23, 2019 board meeting, Plaintiffs assert eight claims for relief: (1) First

---

[1] The eight named plaintiffs in this action are Saru Jayaraman, Stephen Young, Martin Boyden, Zach Norris, Deirdre Snyder, Mike Louden, Amy Haruyama, and Eric Pettengill (collectively "Plaintiffs")

[2] California school districts are authorized to establish their own police departments pursuant to Education Code § 38000. In other words, the officers named in this action are not municipal police officers. Rather, they are employees of the Oakland School Police Department, which is a subdivision of District, making them District employees.

[3] The named defendants in this action are the District, Chief of Police Jeff Godown, Sergeant Donald Perrier, and police officers Jojo Mercado, Peter Pham, James Fortune, Roneil Singh, and School Security Officer Jabari Scott.

Amendment Retaliation under 42 U.S.C. § 1983 against the individual officers; (2) Excessive Force under § 1983 against the individual officers; (3) Failure to Intervene under § 1983 against Chief Godown and Sergeant Perrier; (4) violation of the California Bane Act (Cal. Civ. Code § 52.1) against all Defendants; (5) False Arrest and False Imprisonment under state law against all Defendants; (6) Battery against all Defendants; (7) Negligence against all Defendants; and (8) Negligent Hiring, Training, and Supervision against the District, Chief Godown and Sergeant Perrier.

None of the eight claims in the SAC indicate that Plaintiffs are seeking injunctive relief as part of the individual claims. Yet, in the prayer for relief, in addition to damages, Plaintiffs seek "Injunctive relief." ECF No. 39 p. 17. Plaintiffs do not elaborate in the SAC what "injunctive relief" they are seeking in this action.

Defendants bring this motion to dismiss (with prejudice) or strike Plaintiffs' request for injunctive relief.[4] Plaintiffs' request for injunctive relief suffers from multiple defects. First, Plaintiffs' failure to articulate what conduct they are seeking to enjoin does not satisfy the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure. See *McHenry v. Renne*, 84 F.3d 1172, 1178 (9th Cir. 1996) (noting that Rule 8 requires a plaintiff to articulate "who is being sued, for what relief, and on what theory," showing the plaintiff is entitled to the relief he or she seeks); *G.B. v. Chico Unified Sch. Dist.*, 2008 U.S. Dist. LEXIS 103170 *6-7 (E.D. Cal. Dec. 22, 2008) (striking prayer for injunctive relief on ground that it was not clear what conduct the plaintiff sought to enjoin); *Ward v. IPEX, Inc.*, 2009 U.S. Dist. LEXIS 11040 *14-15 (C.D. Cal. Feb. 4, 2009) (same).

More importantly, to obtain injunctive relief, Plaintiffs must plead and prove ***"a real and immediate threat of repeated injury."*** *City of Los Angeles v. Lyons*, 461 U.S. 95, 102, 110

---

[4] As explained below, there is conflicting authority in the Ninth Circuit as to whether the proper mechanism to challenge a request for injunctive is through a motion to dismiss under Rule 12(b)(6) or a motion to strike under Rule 12(f). Given this conflicting authority, Defendants attack the request for injunctive relief in the alternative under both rules.

(1983) (emphasis added) (holding that district court properly dismissed claim for injunctive relief in excessive force case where plaintiff had not plausibly alleged that he would subject to excessive force by officers again in the future). Indeed, the U.S. Supreme Court has made clear that, where a plaintiff fails to plead facts sufficient to show "a real and immediate threat of repeated injury," the plaintiff does not have standing under Article III to seek injunctive relief. *Lyons*, 461, U.S. at 111; see also *Haro v. Sebelius*, 729 F.3d 993, 1001 (9th Cir. 2013) ("In order to demonstrate Article III standing" for injunctive relief, a plaintiff must plead and prove a "concrete injury" "coupled with a sufficient likelihood that he will again be wronged in a similar way.") (internal quotation marks omitted).

Here, Plaintiffs have alleged that the District officers used excessive force on a single occasion. Plaintiffs have not alleged that the District officers acted pursuant to an unlawful policy of the District. They have not alleged that District officers used excessive force in similar situations either before or after the October 23, 2019 board meeting. And they have not alleged any facts suggesting that Plaintiffs may suffer similar injury in the future.

Finally, and perhaps most significantly, the facts subject to judicial notice show (1) that no in-person board meetings are being conducted by the Oakland Unified School District during the COVID-19 pandemic, and (2) on June 24, 2020, the District Board of Education passed a resolution eliminating the District's police force in its entirety. Def.s' Request for Judicial Notice ("RJN"), Exs. A through E. In other words, even if Plaintiffs plan on future protests (which they have not alleged), and even if they could protest in person at the Board Meetings (which they cannot during the COVID-19 pandemic), there would be no threat of interaction with District police because the District's police department will almost certainly cease to exist by the time in-person board meetings resume.

In sum, given the allegations in the operative SAC and the facts subject to judicial notice, Plaintiffs have not alleged facts sufficient to show a "real and immediate" threat of repeated similar injury. As such, under the Supreme Court's ruling in *Lyons*, Plaintiffs lack standing to pursue their claim for injunctive relief and the request should be dismissed or stricken with prejudice.

# FACTUAL ALLEGATIONS[5]

Plaintiffs are parents and educators of students within the Oakland Unified School District (the "District"). SAC ¶ 1 (ECF No. 39). On October 23, 2019, Plaintiffs attended a meeting held by the District Board of Education "to contest a plan to close several Oakland public schools." *Id*., ¶ 2. In anticipation of the meeting, because the District was aware that attendees planned on protesting, the District "arranged for members of its Police Department including Chief Jeff Godown and Sergeant Donald Perrier to set up metal barriers around the speaker's podium to separate the stage and dais from the auditorium[.]" *Id*., ¶ 27 (capitalization of names omitted). Chief Godown, Sergeant Perrier, and other officers "stood between the metal barriers and the dais where the members of the Board of Education sat." *Id*.

According to Plaintiffs, plaintiff Jayaraman stood next to a speaker at the podium and led a chant while attempting to display a banner from the steps of the dais, "which was blocked by the metal barriers." SAC ¶ 29. "Plaintiff ZACH NORRIS attempted to stand in solidarity on the same steps." *Id*.[6] Plaintiffs Young, Boyden, Snyder, Louden, Haruyama, and Pettengill "were positioned near the metal barriers on either side of the podium and chanted." *Id*.

Plaintiffs then allege in conclusory fashion that, during the "civil disobedience," Chief Godown, Sergeant Perrier, and other officers "attacked the parents and educators." SAC ¶ 30.

Plaintiffs allege that they attended another board meeting on November 13, 2019, where they again "began expressing their dismay." SAC ¶ 41. Notably, there is no allegation that

---

[5] The facts set forth in this section are Plaintiffs' allegations and assumed true only for purposes of this motion. Defendants do not concede the truth of the allegations or that evidence exists to support the allegations.

[6] While Plaintiffs were careful in how they framed the allegations in the SAC and they do not explicitly state that Plaintiffs Jayaraman and Norris jumped over the police barricade to get to the stage where the board members were seated, they seem to admit that this is exactly what happed by alleging that the police barrier was in front of the stage and that both Jayaraman and Norris made their way onto the steps of the stage to protest. In other words, the only logical inference that can be drawn from the allegations is that Plaintiffs Jayaraman and Norris breached the barricade to get onto the steps of the stage.

District police were present at the November 13, 2019 board meeting, or that there was any interaction between Plaintiffs and officers at that meeting. *Id.*

Based on these allegations, Plaintiffs bring eight claims for relief, all of which are based on the allegedly unlawful conduct that occurred at the October 23, 2019 board meeting. The eight claims asserted by Plaintiffs are:

1. <u>First Amendment Retaliation</u> under 42 U.S.C. § 1983 (all Plaintiffs against all defendants other than the District);[7]

2. <u>Excessive Force</u> under 42 U.S.C. § 1983 (all Plaintiffs against all defendants other than the District);

3. <u>Failure to Intervene</u> under 42 U.S.C. § 1983 (all Plaintiffs against Defendants Godown and Perrier);[8]

4. <u>Violation of the Bane Act</u> (Cal. Civ. Code § 52.1) (all Plaintiffs against all Defendants);[9]

5. <u>False Arrest & False Imprisonment</u> (Plaintiffs Jayaraman, Young, Boyden, Norris, Snyder, and Louden against all Defendants);

6. <u>Battery</u> (all Plaintiffs against all Defendants);

7. <u>Negligence</u> (all Plaintiffs against all Defendants);

8. <u>Negligent Hiring, Training and Supervision</u> (all Plaintiffs against the District, Chief Godown and Sergeant Perrier).

---

[7] Plaintiffs originally named the District as a defendant in this action (ECF No. 1), but subsequently removed the District from all claims asserted under 42 U.S.C. § 1983 based on the well-settled law that school districts are considered arms of the state under California law and therefore not "persons" amenable to suit under § 1983. See e.g., *Carmen v. San Francisco Unified Sch. Dist.*, 982 F.Supp. 1396, 1403 (N.D. Cal. 1997).

[8] This claim is based on the allegation that Defendants Godown and Perrier witnessed their subordinates using excessive force and should have intervened. SAC ¶ 55.

[9] The Bane Act is an anti-hate crime statute that protects rights secured by the Constitution from interference by way of threats, intimidation, or coercion. *Jones v. Kmart Corp.*, 17 Cal.4th 329, 338 (1988).

All of Plaintiffs claims are framed in the past tense and relate to the October 23, 2019 board meeting. SAC ¶ 46 ("[p]laintiffs were engaged in constitutionally protected activity when defendants … violently attacked them"); SAC ¶ 51 ("defendants … violently assaulted plaintiffs … depriving plaintiffs of their right under the Fourth Amendment"); SAC ¶ 55 ("Defendants [Godown and Perrier] witnessed their subordinates using unlawful and excessive force … and failed to intervene"); SAC ¶ 59 ("defendants … interfered by threats, intimidation, or coercion with the rights of [Plaintiffs]"); SAC ¶ 63 ("defendants … arrested and imprisoned plaintiffs"); SAC ¶ 69 ("defendants … intentionally subjected plaintiffs … to harmful or offensive contact"); SAC ¶¶ ("defendants … breached their duty to not use excessive force") and ("defendants … negligently hired, trained and supervised [officers]").

None of the eight claims indicate that Plaintiffs are seeking injunctive relief in connection with any specific claim. Plaintiffs do not allege any ongoing conduct that they believe is illegal.

At the end of the SAC, Plaintiffs allege that, "[a]s a result of the actions of defendants, plaintiffs have been injured and have suffered damages[.]" SAC ¶ 85. Plaintiffs then include a request for general damages, special damages, punitive damages, attorney's fees, *and injunctive relief*. ECF No. 39 p. 17. Plaintiffs do not elaborate on what conduct they seek to enjoin.

**FACTS SUBJECT TO JUDICIAL NOTICE**

On March 12, 2020, Governor Gavin Newsom issued an Executive Order in response to the COVID-19 pandemic authorizing local legislative bodies (such as the District) to hold meetings via teleconference. Def.s' RJN, Ex. A (Executive Order N-25-20 ¶ 11). On March 19, 2020, the District held its first virtual board meeting pursuant to Executive Order N-25-20 due to the COVID-19 pandemic. Def.s' RJN, Ex. B. There have been no in-person board meetings since March 19, 2020, and there is no end date to the Governor's authorization of public agencies to conduct board meetings virtually.

On June 24, 2020, the District Board of Education adopted "Resolution No. 1920-0260 – George Floyd Resolution to Eliminate the Oakland Schools Police Department." Def.'s RJN, Ex. C. On the same date, the District Board of Education voted to lay off all 67 members of the District police department, including Chief Godown, effective December 31, 2020. Def.s' RJN,

11

Ex. D. As with all board meetings since March 19, 2020, the meeting on June 24, 2020 was held virtually. Def.s' RJN, Ex. E.

## ATTEMPT TO MEET AND CONFER

On September 2, 2020, defense counsel reached out to Plaintiffs' counsel to meet and confer on Plaintiffs' request for injunctive relief. Decl. of Claudia Leed, ¶ 2. Defense counsel informed Plaintiffs' counsel that Defendants planned on filing a motion to address Plaintiffs' request for injunctive relief and requested that Plaintiffs' stipulate to the specific actions they would like imposed on the District to assist the Court in addressing the matter. *Id*. Plaintiffs' counsel refused and went so far as to threaten sanctions under Rule 11 if Defendants proceeded with the motion. *Id*.

## ARGUMENT

### I.  Legal Standard

There is conflicting authority from the Northern District of California as to whether a challenge to a request for injunctive relief should be made through a motion to dismiss under Rule 12(b)(6) or a motion to strike under Rule 12(f). See *Mou v. SSC San Jose Operating Co. LP*, 415 F.Supp.3d 918, 932-933 (N.D. Cal. 2019) (granting motion to strike request for injunction under Rule 12(f)); but see *Grayson v. County of Marin*, 2015 U.S. Dist. LEXIS 19984 *5-6 (N.D. Cal. Feb. 18, 2015) (denying motion to strike prayer for injunctive relief and suggesting that a motion attacking such should be through a motion to dismiss under Rule 12(b)(6).)

Given this conflicting authority, and in an abundance of caution, Defendants bring this motion as a motion for judgment on the pleadings under Rule 12(c),[10] or in the alternative, a motion to strike under Rule 12(f).

---

[10] Given that Defendants have already filed an answer to Plaintiffs' SAC, Defendants bring this motion under Rule 12(c) rather than 12(b)(6).

DEF.S' NOTICE OF MOTION AND MOTION FOR JUDGMENT ON THE PLEADINGS         CASE NO. 4:20-CV-00685-VC

To survive a motion for judgment on the pleadings under Rule 12(c), which is subject to the same standards applicable to motions brought under Rule 12(b)(6),[11] a plaintiff's complaint "must contain sufficient factual matter . . . to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 554, 570 (2007)). In ruling on the motion, the court is not required to accept legal conclusions "couched as [] factual allegation[s]," *Papasan v. Allain*, 478 U.S. 265 U.S. 265, 286 (1986) (quoted in *Twombly*, 550 U.S. at 555), nor is the court "required to accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001). In sum, the court may grant a motion for judgment on the pleadings "based on the lack of [a] cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." *Balisteri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

As to Rule 12(f), the rule permits the court to "strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f).

For the reasons set forth below, Plaintiffs have not alleged facts sufficient to confer Article III standing to seek injunctive relief in this case. As such, judgment should be entered in favor of Defendants on the request under Rule 12(c) or, in the alternative, the Court should strike the request under Rule 12(f). Whether dismissed or stricken, the request for injunctive relief should be eliminated *with prejudice*.

**II.     Plaintiffs Have Not Sufficiently Pleaded Entitlement to Injunctive Relief**

Rule 8 of the Federal Rules of Civil Procedure provides that complaints in federal court "must contain" "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Under this rule, a complaint must set forth coherently who is being sued, for what relief, and enough factual detail that, if true, would entitle the plaintiff to the requested relief. See *McHenry v. Renne*, 84 F.3d 1172, 1178 (9th Cir. 1995).

---

[11] See *Cafasso v. General Dynamics C4 Systems, Inc.*, 637 F.3d 1047, 1054 n.4 (9th Cir. 2011).

13

Here, Plaintiffs' SAC is entitled "Second Amended Complaint for Damages *and Injunctive Relief*,"[12] and Plaintiffs' prayer for relief seeks "Injunctive relief." Yet, Plaintiffs do not specify what conduct they seek to enjoin or otherwise specify what injunctive relief they are seeking in this case. Not surprisingly, multiple courts have held that a bald request for injunctive relief—without specifying what relief is actually sought—fails to satisfy Rule 8's pleading requirements. *G.B. v. Chico Unified Sch. Dist.*, 2008 U.S. Dist. LEXIS 103170 *6-7 (E.D. Cal. Dec. 22, 2008) (striking prayer for injunctive relief on ground that it was not clear what conduct the plaintiff sought to enjoin); *Ward v. IPEX, Inc.*, 2009 U.S. Dist. LEXIS 11040 *14-15 (C.D. Cal. Feb. 4, 2009) (same).

This issue is particularly frustrating to Defendants because, as mentioned above, defense counsel asked Plaintiffs' counsel to enter into a stipulation disclosing to the Court what injunctive relief Plaintiffs are seeking in order to aid the Court in addressing the viability of the request, and Plaintiffs' counsel refused. Decl. of Leed, ¶ 2. Nevertheless, because Plaintiffs have failed to identify what conduct they seek to enjoin in this case, they have not satisfied Rule 8's requirement to provide "a short and plain statement" demonstrating that they are entitled to the relief sought. As such, the request should be dismissed or stricken from the SAC.

**III.     Plaintiffs' Lack Standing to Seek Injunctive Relief**

"Article III of the U.S. Constitution authorizes the judiciary to adjudicate only 'cases' and 'controversies.'" *Davidson v. Kimberly-Clark Corp.*, 889 F.3d 956, 967 (9th Cir. 2018). "The doctrine of standing is 'an essential and unchanging part of the case-or-controversy requirement of Article III.'" *Id*. (quoting *Lujan v. Defs. Of Wildlife*, 504 U.S. 555, 560 (1992). To establish standing, a plaintiff "bears the burden of demonstrating that her injury-in-fact is 'concrete, particularized, and actual or imminent; fairly traceable to the challenged action; and redressable by a favorable ruling.'" *Id*. (quoting *Monsanto Co. v. Geertson Seed Farms*, 561 U.S. 139, 149 (2010).

---

[12] ECF No. 39 p. 1 (emphasis added).

14

"A plaintiff must demonstrate constitutional standing *separately* for each form of relief requested." *Davidson*, 889 F.3d at 967 (emphasis added) (citing *Friends of the Earth, Inc. v. Laidlaw Envtl. Servs. (TOC) Inc.*, 528 U.S. 167, 185 (2000)). "For injunctive relief, which is a prospective remedy, the threat of injury must be 'actual and imminent, not conjectural or hypothetical.'" *Id*., (quoting *Summers v. Earth Island Inst.*, 555 U.S. 488, 493 (2009). "In other words, the 'threatened injury must be *certainly impending* to constitute injury in fact' and ***'allegations of possible future injury are not sufficient.'*** *Id*., (initial italics in original, bold italics added) (quoting *Clapper v. Amnesty Int'l USA*, 568 U.S. 398, 409 (2013). Put simply, to be entitled to injunctive relief, a plaintiff must show, as a threshold matter, ***"a real and immediate threat of repeated injury."*** *Lyons*, 461 US. At 102 (emphasis added).

The Supreme Court's decision in *City of Los Angles v. Lyons*, 461 U.S. 95 (1983) is instructive—and ultimately dispositive—of this issue. There, the plaintiff alleged that he was involved in a traffic stop and that, without provocation or justification, the officers who stopped him put him in a "chokehold." *Id*., at 97-98. Following the incident, the plaintiff filed suit against the City of Los Angeles and four of its police officers. *Id*., at 97. The plaintiff sought damages, declaratory relief, and an injunction against the City barring the use of control holds in situations where the suspect was not resisting. *Id*., at 97-98. The defendants filed a motion for judgment on the pleadings on the claim for injunctive relief, the district court granted the motion, and the plaintiff appealed. *Id*., at 98-99.

Following some procedural wrangling that is irrelevant to the present motion, *Lyons* made its way to the U.S. Supreme Court. The issue before the Court was "whether [the plaintiff] satisfied the prerequisites for seeking injunctive relief in the Federal District Court." *Id*., at 97. Ultimately, the Court held that the plaintiff did not have standing to seek injunctive relief. In doing so, the Court made a number of statements that apply in this case. The Court explained that the plaintiff's "standing to seek the injunction requested depended on whether he was likely to suffer *future injury* form the use of the chokeholds by police officers." *Id*., at 105 (emphasis added). The Court further explained that, while the "choking incident" provided the plaintiff with standing to seek damages against the individual officers, the incident "does

15

nothing to establish a real and immediate threat that he would *again be stopped* for a traffic violation, or for any other offense, by an officer or officers who would illegally choke him into unconsciousness without any provocation or resistance on his part." *Id*. (emphasis added).

According to the High Court in *Lyons*, "to establish an actual controversy … [the plaintiff] would have had not only to allege that he would have another encounter with the police but also to make the incredible assertion either (1) that *all* police officers in Los Angeles *always* choke any citizen with whom they happen to have an encounter … or (2) that the City ordered or authorized police officers to act in such manner." *Id*., at 106 (emphasis in original). Significantly, the Court pointed out that the plaintiff had alleged that the city authorized the use of control holds in situations where deadly force was not threatened, but that allegation was not enough to show that the plaintiff would be "realistically threatened" by police officers again. *Id*. Ultimately, the Court held that the plaintiff lacked standing to seek injunctive relief because (1) he had not alleged facts showing that there was a likelihood that he would "again be wronged in a similar way," and (2) he had an adequate legal remedy to challenge the allegedly illegal conduct (i.e., his claim for damages). *Id*., at 111.

The Ninth Circuit Court of Appeals has applied *Lyons* on multiple occasions. *Updike v. Multnomah Cnty.*, 870 F.3d 939, 947 (9th Cir. 2017) ("Updike has not met his burden of showing that he State's allegedly wrongful behavior will likely recur"); *Raiser v. City of L.A.*, 698 Fed. Appx. 412, 412-413 (9th Cir. 2017) (affirming dismissal of request for injunctive relief in excessive force case based on *Lyons*); *Breck v. Doyle*, 796 Fed. Appx. 333, 336 (9th Cir. 2019) (affirming dismissal of request for declaratory and injunctive relief because the plaintiff had not pleaded facts showing he was in immediate danger of sustaining repeated injury); OTR Wheel Eng'g, Inc. v. W. Worldwide Servs., 2020 U.S. App. LEXIS 25840 *4 (9th Cir. Aug. 14, 2020) ("there is no 'cognizable danger of recurrent violation' such that the requested injunctive relief is warranted").

The decision in *Lyons* is on all fours with this case. Here, like *Lyons*, Plaintiffs claim that they were subjected to excessive force on a single occasion. Here, like *Lyons*, Plaintiffs have failed to allege facts sufficient to show a "real and immediate" threat that they would be

subjected to a repeated violation. And, as in *Lyons*, Plaintiffs seek damages for the allegedly unlawful conduct, which belies the assertion that Plaintiffs lack an adequate remedy at law.

Indeed, the facts in this case present a much stronger argument that Plaintiffs lack standing to pursue injunctive relief than those in *Lyons*. As set forth above, the District has not been holding in-person board meetings since March 19, 2020 because of the COVID-19 pandemic. Def.s' RJN, Exs. A, B, & E. Thus, even if Plaintiffs had alleged that they plan on continuing to protest at the school board meetings, which they have not alleged, they could not do so in person for the foreseeable future. Moreover, the facts subject to judicial notice also show that, on June 24, 2020, the District Board of Education adopted "Resolution No. 1920-0260 – George Floyd Resolution to Eliminate the Oakland Schools Police Department" and, on the same day, the Board voted to lay off all 67 members of the District police department, including Chief Godown, effective December 31, 2020. Def.s' RJN, Ex. C & D. In other words, not only have Plaintiffs failed to plead facts sufficient to show a "real and immediate" threat of repeated harm, the facts subject to judicial notice demonstrate that there is—in reality—*zero chance* of repeated harm because the District is not holding in-person board meetings and the District Police Department has been eliminated.

## CONCLUSION

For the reasons set forth above, the allegations in the operative Second Amended Complaint and facts subject to judicial notice demonstrate that Plaintiffs do not have Article III standing to seek injunctive relief in this action. As such, Defendants motion for judgment on the pleadings should be granted and judgment should be entered in favor of Defendants on Plaintiffs' request for injunctive relief.

Dated: September 24, 2020         **LEONE & ALBERTS**

By: _____
CLAUDIA LEED, ESQ.
SETH L. GORDON, ESQ.
Attorneys for Defendants

DEF.S' NOTICE OF MOTION AND MOTION FOR JUDGMENT ON THE PLEADINGS         CASE NO. 4:20-CV-00685-VC